# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

Case No. 14-10062-01-EFM

ROBERTO MARTINEZ-BAHENA,

    *Defendant.*

## MEMORANDUM AND ORDER

In 2014, Defendant Roberto Martinez-Bahena entered a guilty plea to one count of re-entry after deportation subsequent to conviction for an aggravated felony. He was sentenced to 57 months in prison. This matter is before the Court on Martinez-Bahena's motion to correct sentence under 28 U.S.C. § 2255. He argues that his sentence should be reduced in light of the U.S. Supreme Court decision *Johnson v. United States*,[1] which found the "residual clause" of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. The Court has carefully reviewed the briefs and the record, including the Presentence Investigation Report ("PSR"). Because the record conclusively shows Martinez-Bahena is not entitled to relief, the Court denies his motion to correct sentence (Doc. 37).

---

[1] 135 S. Ct. 2551 (2015).

## I. Factual and Procedural Background

On April 16, 2014, Martinez-Bahena was indicted on one count of re-entry after deportation subsequent to conviction for an "aggravated felony" as defined by the Immigration and Nationality Act ("INA").[2] On August 11, 2014, Martinez-Bahena entered a plea of guilty to count one pursuant to Fed. R. Crim. P. 11. In signing the plea agreement, Martinez-Bahena agreed that the maximum sentence which may be imposed was not more than 20 years of imprisonment.

Prior to sentencing, the U.S. Probation Office prepared a PSR, which provided that Martinez-Bahena was to be held accountable for one count of re-entry after deportation subsequent to conviction for an aggravated felony. The PSR stated that Martinez-Bahena's base offense level was 8 under U.S.S.G. § 2L1.2. Martinez-Bahena's offense level was increased 16 levels under § 2L2.2(b)(1)(A)(ii) because he had been deported after being previously convicted of a crime of violence (First Degree Residential Burglary) in California. His offense level was then decreased 2 levels for accepting responsibility for the offense, and decreased an additional level for assisting authorities in the investigation or prosecution of his misconduct. Accordingly, his total offense level was 21. After considering Martinez-Bahena's prior criminal record, the PSR calculated his criminal history score to be 10, placing him in criminal history category V.

Based upon a total offense level of 21 and a criminal history category of V, the guideline imprisonment range under the Sentencing Guidelines was 70 months to 87 months. In the plea agreement, the Government agreed to recommend that Martinez-Bahena receive the maximum level reduction available pursuant to the Department of Justice's early disposition "fast track"

---

[2] *See* 8 U.S.C. § 1326(a), (b)(2).

program." The Government further agreed to recommend a sentence at the low-end of the guideline range determined by the Court after any "fast track" adjustment is made.

On November 10, 2014, the Government moved for a two-level reduction in Martinez-Bahena's offense level pursuant to the "fast track" program. The Government noted that the PSR did not include the two-level reduction in its report because the plea agreement did not contain a provision referenced in the fast track policy that a defendant must stipulate to any outstanding probation violation. However, it was the Government's position that a defendant effectively agrees to such a stipulation by pleading guilty. Accordingly, the Government moved to reduce Martinez-Bahena's offense level two levels to 19, which would result in a sentencing guideline range of 57 to 71 months. In accordance with the plea agreement, the Government recommended a low-end sentence after application of the "fast track" reduction, and urged the Court to sentence Martinez-Bahena to 57 months imprisonment.

On November 12, 2014, the Court adopted the PSR without change, and imposed a sentence of 57 months imprisonment. In the Statement of Reasons, the Court determined the advisory guideline range was 70 to 87 months imprisonment, but was departing below the advisory guideline range because of the § 5K3.1 plea agreement based on the "fast track" program. Martinez-Bahena did not file a direct appeal. On June 20, 2016 he filed this § 2255 motion to correct sentence.

## II.      Legal Background

Martinez-Bahena's argument is based upon *Johnson*, in which the Supreme Court held that certain language in the ACCA violated "the Constitution's prohibition of vague criminal laws."[3] To understand the *Johnson* decision, some background information may be helpful.

Federal law prohibits convicted felons from shipping, possessing, and receiving firearms.[4] In general, violation of this ban is punishable by a prison sentence of "not more than 10 years."[5] But the ACCA imposes a minimum sentence of fifteen years if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony."[6] A "violent felony" was defined in the ACCA as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.[7]

The closing words of this definition, italicized above, are known as the "residual clause" of the ACCA.[8]

In *Johnson*, the Supreme Court struck down the language of the residual clause as unconstitutionally vague because "[i]nvoking so shapeless a provision to condemn someone to

---

[3] *Johnson*, 135 S. Ct. at 2555.

[4] *See* 18 U.S.C. § 922(g).

[5] 18 U.S.C. § 924(a)(2).

[6] 18 U.S.C. § 924(e)(1).

[7] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

[8] *Johnson*, 135 S. Ct. at 2556.

-5-

prison for 15 years to life does not comport with the Constitution's guarantee of due process."[9] The Supreme Court reasoned: "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[10]

In simpler terms, the "text of the residual clause provides little guidance on how to determine whether a given offense involves conduct that presents a serious potential risk of physical injury."[11]  Thus, the residual clause was unconstitutional under the void-for-vagueness doctrine, which "prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' "[12]

The Supreme Court made clear that its ruling was confined to the residual clause only—one of three alternative definitions for "violent felony" under the ACCA.  The ACCA also defines a violent felony as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another," as well as any crime that "is burglary, arson, extortion, [or] involves use of explosives."[13]  The *Johnson* opinion carefully states that the Court's decision "does not call into question application of . . . [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[14]  The

---

[9] *Id*. at 2560.

[10] *Id.* at 2557.

[11] *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) (quotations omitted).

[12] *Id.* (quoting *Johnson*, 135 S. Ct. at 2556).

[13] 18 U.S.C. § 924(e)(1), (2).

[14] *Johnson*, 135 S. Ct. at 2563.

Supreme Court further confined its ruling by maintaining that the decision did not call into question other laws that require "application of a qualitative standard such as 'substantial risk' to real-world conduct," most of which "require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion," rather than the riskiness of a category of crimes.[15]

Accordingly, *Johnson* only affects the sentences of prisoners who were convicted under 18 U.S.C. § 922(g) (unlawful possession of a firearm) and received the ACCA's fifteen-year minimum sentence under the ACCA residual clause.[16]

### III.   Discussion

Martinez-Bahena claims that the 16-point enhancement he received under U.S.S.G. § 2L1.2(b)(1)(A)(ii) is invalid and his sentence should therefore be reduced.  He relies on *Johnson* to argue that the definition of "crime of violence" found in 18 U.S.C. § 16(b) and incorporated in the commentary of § 2L1.2 is void for vagueness.

Section 2L1.2 governs sentencing for crimes involving unlawful entry into the United States.  At the time of Martinez-Bahena's sentencing, § 2L1.2 mandated that courts must apply a sixteen-level enhancement to a defendant's sentence if he or she was previously deported after "a conviction for a felony that is . . . a crime of violence."[17]  In adopting the PSR, this Court concluded during sentencing that Martinez-Bahena's prior conviction for First Degree Residential Burglary in California constituted a "crime of violence" and thus applied the enhancement.  The corresponding commentary defines the term "crime of violence":

---

[15] *Id.* at 2561.

[16] 18 U.S.C. § 924(e)(2)(B)(ii); *see Johnson*, 135 S. Ct. at 2563.

[17] U.S.S.G. § 2L1.2(b)(1)(A)(ii).

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extensions of credit, *burglary of a dwelling*, or any other offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.[18]

Martinez-Bahena's conviction can thus constitute a crime of violence under either the "enumerated clause"—by matching the enumerated generic offense of burglary of a dwelling—or the "elements clause"—by having as an element the use, attempted use, or threatened use of physical force against the person of another.[19] Martinez-Bahena only contends that his conviction does not qualify as a crime of violence under the elements clause. However, his argument overlooks the fact that his conviction constituted a crime of violence under the enumerated clause.

As the Government correctly points out, Martinez-Bahena's sentence was not calculated by reference to either the residual clause in 18 U.S.C. § 924(e)(2)(B), which was struck down in *Johnson*, or § 16(b) which was incorporated in the commentary of U.S.S.G. § 2L1.2. His offense of First Degree Residential Burglary constitutes a crime of violence under the enumerated clause and *Johnson* is therefore inapplicable.[20] Martinez-Bahena has not disputed that his prior conviction qualifies as an enumerated crime of violence under the Guidelines commentary. Even

---

[18] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

[19] *United States v. Maldonado-Palma*, 2016 WL 6211803, at *2 (10th Cir. Oct. 25, 2016); *see also* 18 U.S.C. § 16 ("The term 'crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . .").

[20] *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."); *see also United States v. Perez-Belmares*, 2016 WL 6677696, at *1 (5th Cir. Nov. 11, 2016) (holding that *Johnson* is not applicable when prisoner received 16-point enhancement under U.S.S.G. § 2L1.2 for having a prior conviction which qualified as an enumerated crime of violence under the Guidelines commentary).

if he had raised such a challenge, it would be time-barred.[21]   Accordingly, the 16-point enhancement that Martinez-Bahena received is valid, and his sentence will not be reduced.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[22]   To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[23]   For the reasons stated above, the Court finds that Martinez-Bahena has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on this motion.

## IV.   Conclusion

After carefully reviewing the record, the Court concludes that *Johnson* is inapplicable, and Martinez-Bahena is not entitled to have his sentence reduced. The record shows that Martinez-Bahena was not sentenced under the residual clause in 18 U.S.C. § 924(e)(2)(B), which was struck down in *Johnson*.

---

[21] *See* 28 U.S.C. § 2255(f) (establishing that § 2255 motion must be brought within one year from the date on which the judgment of conviction becomes final unless a right has been newly recognized by the Supreme Court and made retroactively applicable to the case on collateral review). Because *Johnson* is inapplicable, Martinez-Bahena cannot rely on a right newly recognized by the Supreme Court to calculate the statute of limitations. Accordingly, the Court could only entertain such a challenge if it had been brought within one year of his November 12, 2014 sentencing.

[22] 28 U.S.C. § 2253(c)(2).

[23] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

**IT IS THEREFORE ORDERED** that Martinez-Bahena's Motion to Correct Sentence Under 28 U.S.C. § 2255 to Vacate (Doc. 37) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability Under Rule 11 is **DENIED.**

**IT IS SO ORDERED**.

Dated this 28th day of November, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE